1   J. Noah Hagey, Esq. (SBN: 262331)
        hagey@braunhagey.com
2   Andrew Levine, Esq. (SBN: 278246)
        levine@braunhagey.com
3   J. Tobias Rowe, Esq. (SBN: 305596)
        rowe@braunhagey.com
4   BRAUNHAGEY & BORDEN LLP
    351 California Street, 10th Floor
5   San Francisco, CA 94104
    Telephone: (415) 599-0210
6   Facsimile: (415) 276-1808

7   ATTORNEYS FOR PLAINTIFF
8   WEDGE WATER LLC DBA WAVE SODA

9

10                **UNITED STATES DISTRICT COURT**

11              **SOUTHERN DISTRICT OF CALIFORNIA**

12

13   ――――――――――――――――――    Case No.  **'21CV809  GPC BLM**
     WEDGE WATER LLC DBA WAVE
14   SODA,                            **COMPLAINT FOR:**

15           Plaintiff,              (1) Trademark Infringement
                                     (2) False Designation of Origin
16           v.                      (3) Trade Dress Infringement
                                     (4) California Common Law Trademark
17   OCEAN SPRAY CRANBERRIES, INC.,      Infringement
     and DOES 1 through 25, inclusive, (5) Unfair Competition
18                                    (6) Declaratory Judgment of
19           Defendants.                 Infringement
                                     (7) Declaratory Judgment on Non-
20                                       Registrability
                                     (8) Cancellation of Registration
21
22                                   **JURY TRIAL DEMANDED**
23
24
25
26
27
28

―――――――――――――――――――――――――――――――――――――――――――
                          COMPLAINT

Plaintiff Wedge Water LLC dba Wave Soda (hereinafter, "Wave" or "Plaintiff") brings this Complaint against Defendants Ocean Spray Cranberries, Inc. (hereinafter, "Ocean Spray" or "Defendant") and Does 1 through 25 and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## **INTRODUCTION**

1.     Plaintiff Wave, a pioneering beverage start-up based in San Marcos, California, brings this trademark action to halt the willful infringement of Plaintiff's registered NEW WAVE® trademark and common-law WAVE mark by Defendant Ocean Spray, one of the largest beverage companies in the world.

2.     Wave is the owner of the federally registered trademark NEW WAVE® and common law rights in the mark WAVE.  In 2017, Wave launched Wave Soda, a new, better-for-you soda that pioneered a new product category by combining simple ingredients – sparkling water, fruit juice, and a small amount of caffeine – into a soda alternative that is healthier and tastier than traditional sugary sodas and sparkling waters.  Wave Soda is one of the fastest-growing beverage brands in the United States, with millions of dollars in annual sales in thousands of stores.

3.     In recent weeks, Defendant Ocean Spray has begun selling a copycat beverage that combines the same ingredients – sparkling water, fruit juice, and a small amount of caffeine – under the confusingly similar name "OCEAN SPRAY WAVE" (the "Infringing Products").

| Wave Products | Infringing Products |
|---|---|
|  |  |

4.      Upon information and belief, Ocean Spray was aware of Wave's success in pioneering a new product category and launched the Infringing Products to capitalize on the goodwill and success of the Wave Soda brand.

5.      Ocean Spray's apparent attempt to mimic the trademark and trade dress of Wave Soda in order to sell a copycat beverage product is highly likely to deceive consumers into mistaking Ocean Spray's Infringing Products for Wave Soda and into believing that the two products are somehow affiliated.  Ocean Spray's conduct is causing immediate and irreparable harm to Wave's business and brand and will continue to do so unless enjoined.

6.      Prior to filing this action, Wave provided notice to Ocean Spray of its infringement and sought to reach an agreement that would allow Ocean Spray to participate in the exciting new market created by Wave without infringing Wave's rights.  Wave indicated that without the protection of such a resolution, it would promptly file the instant action.  Ocean Spray responded that it was not interested in such a resolution.

7.      On April 22, 2021, two days after Ocean Spray's response, without notice to Wave Soda and after misrepresenting that it had no interest in litigating this matter, Ocean Spray filed a preemptive action against Wave in the District of Massachusetts.  Ocean Spray's filing in Massachusetts is a bald act of forum shopping and clearly designed to burden its smaller competitor with duplicative actions.

8.      Notwithstanding Ocean Spray's bullying tactics, Wave brings this action and seeks a preliminary and permanent injunction, declaratory relief, damages (including disgorgement of profits), costs and attorneys' fees, among other relief, to remedy Ocean Spray's conduct and protect against consumer confusion.

## **THE PARTIES**

9.      Plaintiff Wedge Water LLC dba Wave Soda ("Wave") is a limited liability company with its principal place of business in San Marcos, California.  It is

incorporated under the laws of the State of Delaware.  Wave is the owner of a federal trademark registration for the NEW WAVE® trademark, as well as the common law trademark WAVE and other trade dress and intellectual property rights related to Wave Soda.

10.     Defendant Ocean Spray Cranberries, Inc. is, upon information and belief, a Delaware corporation with its principal place of business at 1 Ocean Spray Drive, Lakeville-Middleboro, Massachusetts.  Ocean Spray is one of the largest beverage companies in the world and purports to have $2 billion in annual sales, more than 2,000 employees, and more than 1,000 products in over 100 countries.

11.     The true names of the Defendants sued as Does 1 through 25, inclusive, are unknown to Wave, who therefore sues these Defendants by such fictitious names. Wave will amend this Complaint to allege the true names and capacities of these Defendants when they are ascertained. Upon information and belief, these fictitiously named Defendants were involved in the design, implementation, approval, and furtherance of the conduct complained of herein or received benefits from those transactions.

## JURISDICTION AND VENUE

12.     This action arises and is brought under the Trademark Act, known as the Lanham Act, 15 U.S.C. §§ 1050, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

13.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

14.     This Court possesses personal jurisdiction over Defendant Ocean Spray because Ocean Spray regularly and continuously transacts business in the State of California by advertising and selling its products within the State and this District, including but not limited to sales of Infringing Products at multiple retail locations in the City and County of San Diego and this District.

15.     Additionally, this Court possesses personal jurisdiction over Defendant Ocean Spray because, on information and belief, Ocean Spray has targeted its tortious conduct at the State of California and this District by selling or distributing Infringing Products in this District and elsewhere.  Ocean Spray either expected or reasonably should have expected that its activities would cause harm to Wave in this District.

16.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.  Wave's headquarters is located in this District and Wave regularly and continually conducts business here.  Additionally, the Infringing Products are offered for sale to consumers at numerous locations in the City and County of San Diego and this District.

## **FACTUAL BACKGROUND**

17.     Wave is a rapidly-growing beverage company based in San Marcos, California.  It was founded in 2016 by Nat Noone, a beverage industry veteran and self-described soda fanatic who wanted to offer consumers a healthier, tastier alternative to sugary drinks and bland seltzers.

18.     Since then, Nat has been joined by a team of beverage entrepreneurs who share the same passion for bringing consumers innovative and delicious products satisfying needs that have long gone unmet by industry incumbents.  Wave also gives back to the community by, among other things, donating a portion of its sales to help not-for-profit organizations.

19.     Together, this group pioneered a new product category by launching Wave Soda, which combines sparkling water, fruit juice, and a small amount of caffeine into a soda alternative that is healthier and tastier than traditional sugary sodas and sparkling waters.

20.     Consumers quickly responded, making Wave Soda one of the fastest-growing beverage brands in the United States, with millions of dollars in annual sales to consumers in all 50 states.

21.     Wave Soda has since been heralded as a brand on the rise by the news media and industry press, including being named one of the "Best Healthy Sodas" by *Shape* Magazine and winning *Beverage Digest's* "Best Packaging and Label Design" award in 2020.

22.     Wave is poised to continue growing as one of the hottest and most successful beverage start-ups in the country.

**A.     The Wave Soda Brand and NEW WAVE® and WAVE Trademarks**

23.     Wave has diligently developed and protected the Wave Soda brand and NEW WAVE® and WAVE trademarks, along with related intellectual property related to Wave Soda.

24.     Wave is the owner of the federally-registered trademark NEW WAVE® in International Class 32 (U.S. Reg. No. 5571632) and related trademark and trade dress rights.  Its distinctive trademark and representative trade dress (the "Wave Soda Trade Dress") appear as follows:



25.     Distinctive elements of the Wave Soda Trade Dress include at least its combination of (a) a prominent white background on a 12-ounce soda can, (b) large, brightly colored "WAVE" lettering in the upper portion of the can, (c) whimsical lower-case cursive lettering in the upper portion of the can, (d) a brightly colored, rounded fruit motif sitting on top of the "WAVE" lettering in a contrasting color, (e)

brightly colored fruit images, and (f) prominent caffeine claims in white text against a brightly-colored background.

26.     Wave also owns common law trademark rights in the mark "WAVE" in connection with sparkling beverages.  Wave has used the "WAVE" mark continuously in commerce since 2017 and has sold sparkling beverages under the "WAVE" mark in all 50 states.

27.     Wave has invested considerable time, money, and effort to develop, market, advertise, and grow its brand and consumer goodwill.  The Wave Soda brand and its NEW WAVE® and WAVE marks have received advertising and media exposure worth millions of dollars and are prominently featured in advertising campaigns, including on Facebook, Instagram, Twitter, and other social media.

28.     As a result of Wave's success in these efforts, Wave Soda is a popular and growing brand with highly distinctive trademarks and trade dress.

**B.     Ocean Spray and Its Infringing Products**

29.     Ocean Spray is one of the largest beverage companies in the world, with $2 billion in annual sales, more than 2,000 employees, and more than 1,000 products in over 100 countries.

30.     Ocean Spray is primarily known for bottled fruit juices and markets itself as the "best-selling brand in the North American bottled juice category."

31.     Ocean Spray has dabbled in carbonated beverages under the "Ocean Spray Sparkling" brand, but these forays apparently have been neither extensive nor well-received.  Ocean Spray's own website for its "Ocean Spray Sparkling" products includes numerous negative reviews complaining about their taste and formulation. (https://www.oceanspray.com/Products/Sparkling/Sparkling-Juice/Sparkling-Cranberry).

32.     In recent weeks, Ocean Spray has launched for sale and begun marketing an entirely new line of sparkling beverage products called "Ocean Spray Wave" (the "Infringing Products"). The Infringing Products feature branding and

trade dress that are confusingly similar to the NEW WAVE® and WAVE trademarks and trade dress.  Two examples are provided below:

| Wave's Distinctive Products | Ocean Spray's Infringing Products |
|---|---|
|  |  |
|  |  |

33.    The trade dress of the Infringing Products (the "Infringing Trade Dress") mimics numerous elements of the distinctive Wave Soda Trade Dress, including (a) a prominent white background on a 12-ounce soda can, (b) large, brightly colored "WAVE" lettering in the upper portion of the can, (c) whimsical lower-case cursive lettering in the upper portion of the can, (d) a brightly colored, rounded motif, here in the form of the Ocean Spray logo, sitting on top of the "WAVE" lettering in a contrasting color, (e) brightly colored fruit images, and (f) prominent caffeine claims in white text against a brightly-colored background.

34.    As a result of these similarities, the Infringing Products create a consumer impression that is confusingly similar to the Wave Soda Trade Dress.

35.     The trade dress for the Infringing Products does not resemble other Ocean Spray products, but instead closely resembles Wave Soda.  For example, upon information and belief, Ocean Spray does not sell a single other product in 12-ounce soda cans, let alone white 12-ounce soda cans.

36.     Additionally, upon information and belief, the vast majority of Ocean Spray's beverage products do not use a distinct sub-brand such as "WAVE," but instead simply feature the Ocean Spray logo along with descriptive matter indicating the flavor or content of the product, *e.g.*, Ocean Spray Cranberry or Ocean Spray Sparkling Cranberry.

37.     Like Wave Soda, the Infringing Products are marketed by Ocean Spray as a healthier alternative to sugary sodas and are made by mixing sparkling water, fruit juice, and small amounts of caffeine.  This category was pioneered by Wave, and Ocean Spray has never before sold similar products.

38.     Ocean Spray's marketing pitch for the Infringing Products also is virtually identical to the marketing of Wave Soda.  By way of example, the Wave Soda website states:

> What started as a local fruit stand is now an all-natural, healthy soda brand that's sold and distributed across the country. Founder and CEO, Nat Noone, saw a need in the beverage industry for a guilt-free carbonated drink, with the added benefit of caffeine, so Wave Soda came to be.

39.     Similarly, Ocean Spray's inaugural press release announcing the Infringing Products seeks to position Ocean Spray Wave in the exact same market niche that Wave Soda pioneered, a new product category that "bridges the gap" between soda and healthier carbonated drinks:

> Ocean Spray Wave bridges the gap for consumers who want a lightly caffeinated option – with the convenience and flavor of soda – but without the added sugars.

40.     The similarity between the Infringing Products and Wave Soda is not random. Rather, upon information and belief, Ocean Spray observed Wave Soda's

1  success and then decided to launch the Infringing Products into the same product

2  category using confusingly similar trademarks, trade dress, and marketing themes.

3       41.    Additionally, upon information and belief, Ocean Spray is targeting

4  potential purchasers of Wave Soda with paid advertisements for the Infringing

5  Products.

6       42.    For example, paid advertisements for the Infringing Products appear in

7  Google search results ahead of Wave Soda, as demonstrated below:



When customers view Wave Soda products on the Walmart.com website, they are

similarly presented with advertisements for the Infringing Products, as demonstrated

below:



9

COMPLAINT

43. Ocean Spray's advertisements have placed the Infringing Products side-by-side with Wave Soda and sought to position the Infringing Products as "Wave Soda" to the millions of consumers that use Google and Walmart.com for online shopping.

**C. The Infringing Products are Causing Confusion**

44. The Infringing Products have only just launched in Walmart and Sam's Club locations but are already producing confusion.

45. On or about February 22, 2021, an Instagram user contacted Wave to express confusion about the Infringing Products:



46. On or about March 24, 2021, a distributor based in Virginia contacted Wave to inquire about the Infringing Products. The distributor called the Infringing Products a "Wave Rip Off."

47. Industry press have also noted the confusing similarity between Wave Soda and the Infringing Products, stating that the "new line's [*i.e.*, Ocean Spray Wave's] identity would seem to overlap a bit with lightly sweetened and caffeinated sparkling entry called Wave Soda launched by bev vet Nat Noone." (Beverage Business Insights, Vol. 18 No. 41, March 4, 2021.)

48. Given that these incidents have occurred within weeks of the Infringing Products' launch, it is clear that confusion is occurring in the marketplace in significant levels and will continue unless Ocean Spray's infringement is enjoined.

1  Further discovery into consumer comments and Ocean Spray's marketing materials
2  and research likely will reveal additional evidence of existing consumer confusion.

3      49.   Ocean Spray's use of the infringing "Ocean Spray Wave" mark is
4  highly likely to confuse consumers into believing that Ocean Spray's infringing
5  products are somehow manufactured, approved, sponsored, endorsed, or guaranteed
6  by, or are in some way affiliated with Wave Soda and the NEW WAVE® and
7  WAVE marks.  Such confusion irreparably reduces the distinctive nature of the
8  valuable Wave Soda brand and NEW WAVE® and WAVE marks and impairs their
9  function as a source identifier for Wave's products.

10     50.   Ocean Spray's use of the Infringing Trade Dress is highly likely to
11  confuse consumers into believing that Ocean Spray's infringing products are
12  somehow manufactured, approved, sponsored, endorsed, or guaranteed by, or are in
13  some way affiliated with Wave and Wave Soda.  Such confusion irreparably reduces
14  the distinctive nature of the valuable Wave Soda brand and Wave Soda Trade Dress
15  and impairs its function as a source identifier for Wave's products.

16     51.   Consumers who are deceived into purchasing Ocean Spray's infringing
17  "Ocean Spray Wave" products will associate those products with the Wave Soda
18  brand and NEW WAVE® and WAVE marks and Wave Soda Trade Dress, damaging
19  Wave's goodwill and reputation for quality.

20     52.   Moreover, consumers who are exposed to "Ocean Spray Wave" before
21  trying Wave Soda products will likely be deceived into thinking that Wave, rather
22  than Ocean Spray, is the infringing party.

23     53.    Wave also faces incalculable harm in the form of lost and diverted sales
24  that would accrue to Wave but for Ocean Spray's infringement.

25     54.   Wave's loss of control over its brand, diverted sales, and brand
26  diminution as a result of Ocean Spray's infringement are irreparable and cannot be
27  remedied by monetary damages alone.

28

55.    Accordingly, Wave will suffer irreparable harm to its brand and business in addition to substantial monetary damages if Ocean Spray's infringement is not enjoined.

**D.    Ocean Spray's Infringing Trademark Application**

56.    In connection with these infringing sales, on March 27, 2020, Ocean Spray sought to register "OCEAN SPRAY WAVE" with the United States Patent and Trademark Office ("USPTO") under Application Serial No. 88850989 for "sparkling fruit juice beverages" and "sparkling non-alcoholic drinks," among other goods in International Classes 32, 30, 29, and 5.

57.    As detailed herein, Ocean Spray's use of the "OCEAN SPRAY WAVE" mark on the Infringing Products is highly likely to cause confusion (and in fact is already causing confusion) with the NEW WAVE® and WAVE trademarks owned by Wave.

58.    Ocean Spray's infringing use and registration of the "OCEAN SPRAY WAVE" mark will harm Wave.

59.    Accordingly, Ocean Spray's Application Serial No. 88850989 should be rejected and any registration resulting therefrom during the pendency of these proceedings should be cancelled.

**E.    Ocean Spray's Abandoned Trademark Registration**

60.    Additionally, Ocean Spray has improperly sought to renew a former registration for "OCEAN SPRAY WAVE" for fruit juice products to encompass its new, infringing sparkling beverage products.

61.    Ocean Spray once sold a now-defunct line of sugary fruit juices called "Ocean Spray Wave" (the "Discontinued Products") and obtained a trademark registration for those products under U.S. Reg. No. 4641901.

62.    Upon information and belief, the Discontinued Products were permanently discontinued years ago.

63.    Indeed, Ocean Spray has repeatedly stated that the Discontinued Products were permanently discontinued.

64.    For example, on or about September 20, 2018, Ocean Spray stated on Twitter that "Ocean Spray® Wave Juices have been discontinued":



65.    Similarly, on or about December 17, 2018, Ocean Spray stated on Twitter that "our Wave line of juices did not meet the demands we expected it would."



66.    On or about July 1, 2019, Ocean Spray stated on Twitter that "Ocean Spray® Wave Juice Drinks have been discontinued":



67.     Upon information and belief, and based upon Ocean Spray's public admissions, Ocean Spray ceased use of the "OCEAN SPRAY WAVE" mark without intent to resume use.

68.     As a result of Ocean Spray's cessation of use of the "OCEAN SPRAY WAVE" mark without intent to resume use, the "OCEAN SPRAY WAVE" mark that is the subject of Registration No. 4641901 has been abandoned.

69.     On March 15, 2021, Ocean Spray nonetheless attempted to renew Registration No. 4641901 by submitting a "Declaration of Use" claiming that the "OCEAN SPRAY WAVE" mark remained in use.

70.     However, Ocean Spray failed to submit any proof that the Discontinued Products remained in use.  Instead, Ocean Spray's purported specimen of use was an image of the Infringing Products.

71.     The Infringing Products bear no relationship to the Discontinued Products, as shown below:

| Discontinued Product | Infringing Product |
|---|---|
|  |  |
| * Approximate sizes | |

72.     While the Discontinued Products were sugary fruit juice drinks (without carbonation or caffeine), the Infringing Products are marketed as a healthier

alternative to sugary sodas and are made by mixing sparkling water, fruit juice, and small amounts of caffeine.

73.     Ocean Spray's Infringing Products are fundamentally different in character, appearance, product category, and target consumers from the goods originally covered by Registration No. 4641901.

74.     Additionally, the Infringing Products pose a unique likelihood of confusion with the NEW WAVE® and WAVE marks compared to the Discontinued Products covered by Registration No. 4641901 because of the Infringing Products' confusingly similar appearance to Wave Soda and because the Infringing Products will directly compete for consumers in the same specific product category.

75.     Given the lack of any continuity between the Discontinued Products and the Infringing Products, Ocean Spray's attempted use of the "Ocean Spray Wave" mark on the Infringing Products does not constitute continuous use for purposes of renewal of Registration No. 4641901.

76.     Ocean Spray's infringing use and registration of the "OCEAN SPRAY WAVE" mark will damage Wave, including because Ocean Spray has made baseless threats to attempt to cancel Wave's registration for the NEW WAVE® mark based on Registration No. 4641901.

77.     Registration No. 4641901 should be cancelled based on Ocean Spray's abandonment of the subject mark.

## CLAIMS FOR RELIEF

**First Claim for Relief**
**FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114**
**(As to Defendant Ocean Spray)**

78.     Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

79.     Plaintiff owns all right, title, and interest in the registered trademark NEW WAVE®, which it has continuously used in commerce since at least 2017.

80.    Through the conduct alleged above, Ocean Spray's unauthorized use in commerce of "OCEAN SPRAY WAVE" infringes Plaintiff's rights in the NEW WAVE® mark and violates 15 U.S.C. § 1114 because it renders Ocean Spray's products confusingly similar to the NEW WAVE® mark and Wave Soda products.

81.    Ocean Spray's unauthorized use of "OCEAN SPRAY WAVE" creates the erroneous impression that Ocean Spray's Infringing Products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the NEW WAVE® mark.

82.    On information and belief, Ocean Spray chose to use the "OCEAN SPRAY WAVE" mark on the Infringing Products with the intent to capitalize on the popularity of and goodwill associated with Plaintiff, the NEW WAVE® mark, and the Wave Soda products.

83.    Ocean Spray's infringing use of "OCEAN SPRAY WAVE" is causing irreparable injury to Plaintiff by, *inter alia*, undermining the source identifying function of the NEW WAVE® mark with respect to Plaintiff's products.

84.    Plaintiff has no adequate remedy at law for Ocean Spray's misconduct. Unless Ocean Spray is enjoined and restrained from continuing its infringement, consumers will continue to be confused and Plaintiff's injuries will continue to occur.

85.    Ocean Spray has profited from its infringement, and Plaintiff has suffered damages in amount to be proven at trial.

86.    Plaintiff also is entitled to recover from Ocean Spray any gains, profits, and advantages as a result of Ocean Spray's infringement, in an amount to be proven at trial.

87.    Ocean Spray's willful misconduct renders this an "exceptional case," entitling Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

**Second Claim for Relief**
**FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)**
**(As to Defendant Ocean Spray)**

88.   Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

89.   Plaintiff owns all right, title, and interest in the registered trademark NEW WAVE®, as well as common law trademark rights in the mark "WAVE," which it has continuously used in commerce since at least 2017.

90.   Through the conduct alleged above, Ocean Spray's unauthorized use in commerce of "OCEAN SPRAY WAVE" infringes Plaintiff's rights in its NEW WAVE® and WAVE marks because it renders Ocean Spray's products confusingly similar to the NEW WAVE® and WAVE marks and Wave Soda products.

91.   Ocean Spray's unauthorized use of "OCEAN SPRAY WAVE" creates the erroneous impression that Ocean Spray's Infringing Products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the Wave Soda products. Such use constitutes a false designation of origin within the meaning of 15 U.S.C.§ 1125(a).

92.   On information and belief, Ocean Spray chose to use the "OCEAN SPRAY WAVE" mark on the Infringing Products with the intent to capitalize on the popularity of and goodwill associated with Plaintiff, the NEW WAVE® and WAVE marks, and the Wave Soda products.

93.   Ocean Spray's infringing use of "OCEAN SPRAY WAVE" is causing irreparable injury to Plaintiff by, *inter alia*, undermining the source identifying function of the NEW WAVE® mark with respect to Plaintiff's products.

94.   Ocean Spray has profited from its unfair competition, and Plaintiff has suffered damages in amount to be proven at trial.

95.   Plaintiff also is entitled to recover from Ocean Spray any gains, profits, and advantages as a result of Ocean Spray's unfair competition, in an amount to be proven at trial.

96.     Ocean Spray's willful misconduct renders this an "exceptional case," entitling Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

### Third Claim for Relief
### TRADE DRESS INFRINGEMENT – 15 U.S.C. § 1125(a)
### (As to Defendant Ocean Spray)

97.     Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

98.     Plaintiff owns all right, title, and interest in the distinctive Wave Soda Trade Dress, which it has continuously used in commerce since prior to Ocean Spray's launch of the Infringing Products.

99.     The Wave Soda Trade Dress is inherently distinctive and non-functional and serves as a source identifier for Plaintiff's products.

100.    Through the conduct alleged above, Ocean Spray's use in commerce of the Infringing Trade Dress infringes the Wave Soda Trade Dress because the Infringing Trade Dress imitates numerous protected elements of the Wave Soda Trade Dress and thereby renders the Infringing Trade Dress confusingly similar to Plaintiff's products.

101.    The trade dress of the Infringing Products creates the erroneous impression in consumers' minds that Ocean Spray's products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff, the Wave Soda products and/or the Wave Soda Trade Dress.

102.    On information and belief, Ocean Spray chose to use the trade dress of the Infringing Products with the intent to capitalize on the popularity of and goodwill associated with Plaintiff, the Wave Soda products, and the Wave Soda Trade Dress.

103.    Ocean Spray's use of the Infringing Trade Dress is causing irreparable injury to Plaintiff by, *inter alia*, undermining the source identifying function of the Wave Soda Trade Dress with respect to Plaintiff's products.

104.    Ocean Spray has profited from its unfair competition, and Plaintiff has suffered damages in amount to be proven at trial.

105.    Plaintiff also is entitled to recover from Ocean Spray any gains, profits, and advantages as a result of Ocean Spray's unfair competition, in an amount to be proven at trial.

106.    Ocean Spray's willful misconduct renders this an "exceptional case," entitling Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

**Fourth Claim for Relief**
**TRADEMARK INFRINGEMENT – California Common Law**
**(As to Defendant Ocean Spray)**

107.    Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

108.    Since 2017, Plaintiff has continuously used its NEW WAVE® and WAVE marks to identify its Wave Soda products in California.  The NEW WAVE® and WAVE marks are inherently distinctive and serve to identify the origin of Wave Soda products sold by Plaintiff. Thus, Plaintiff has enforceable rights in and to the NEW WAVE® and WAVE marks under California law.

109.    Through the conduct alleged above, Ocean Spray's unauthorized use in commerce of "OCEAN SPRAY WAVE" infringes Plaintiff's rights in its NEW WAVE® and WAVE marks because it renders Ocean Spray's products confusingly similar to the NEW WAVE® and WAVE marks and Wave Soda products.

110.    Ocean Spray's unauthorized use of "OCEAN SPRAY WAVE" creates the erroneous impression that Ocean Spray's Infringing Products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the Wave Soda products.

111.    Ocean Spray's unlawful activities in the state of California and/or directed at California consumers have caused Plaintiff irreparable injury.  Unless the Court enjoins such conduct, Ocean Spray will continue its intentional infringement to the continued, irreparable injury of Plaintiff.  This injury includes a reduction in the distinctiveness of the NEW WAVE® and WAVE marks, as well as injury to

1 Plaintiff's reputation that cannot be remedied through damages.  Plaintiff has no

2 adequate remedy at law.

3      112.   In view of the foregoing, Plaintiff is entitled to a preliminary and

4 permanent injunction restraining and enjoining Ocean Spray from further sales of the

5 Infringing Products in the state of California.

6      113.   Plaintiff is also entitled to recover Ocean Spray's profits, Plaintiff's

7 ascertainable economic damages, and Plaintiff's costs of suit.  Ocean Spray's willful

8 infringement of Plaintiff's common-law rights in California, without excuse or

9 justification, entitles Plaintiff to its reasonable attorneys' fees.

10
11

**Fifth Claim for Relief**
**UNFAIR COMPETITION – Cal. Bus. & Prof. Code § 17200, *et seq.***
**(As to Defendant Ocean Spray)**

12      114.   Plaintiff incorporates by reference the facts and allegations set forth in

13 each of the preceding paragraphs as though fully set forth herein.

14      115.   Ocean Spray's unauthorized use of the "OCEAN SPRAY WAVE" mark

15 in a manner that is likely to confuse and deceive consumers is unlawful, unfair,

16 and/or fraudulent and constitutes unfair competition within the meaning of Cal. Bus.

17 & Prof. Code § 17200.

18      116.   Ocean Spray has profited from its unfair competition, and Plaintiff has

19 suffered damages in an amount to be proven at trial.

20      117.   Ocean Spray's infringement is causing irreparable harm by confusing

21 consumers and enabling Ocean Spray to unlawfully profit by trading off of Plaintiff's

22 NEW WAVE® and WAVE trademarks.  Plaintiff will continue to suffer harm unless

23 Ocean Spray's infringing conduct is enjoined by this Court.

24
25
26

**Sixth Claim for Relief**
**DECLARATORY JUDGMENT OF INFRINGEMENT –**
**28 U.S.C. §§ 2201-2202**
**(As to Defendant Ocean Spray)**

26      118.   Plaintiff incorporates by reference the allegations contained in the

27 preceding paragraphs as if set forth fully herein.

28

119.   Ocean Spray's ongoing use of "OCEAN SPRAY WAVE" in connection with the Infringing Products infringes the NEW WAVE® and WAVE trademarks.

120.   Ocean Spray is engaged in activities directed towards further unauthorized use of the "OCEAN SPRAY WAVE" mark in commerce in a manner that is likely to cause confusion among the relevant public that Defendant's Infringing Products are affiliated with, or related to, Plaintiff and its Wave Soda products.

121.   As such, there is a substantial, immediate and justiciable controversy between the parties in that Ocean Spray seeks to use the "OCEAN SPRAY WAVE" mark in connection with the Infringing Products, while Plaintiff contends that such use infringes Plaintiff's NEW WAVE® and WAVE trademarks.

122.   Plaintiff accordingly seeks a declaratory judgment that further use by Ocean Spray of the infringing "OCEAN SPRAY WAVE" mark in connection with the sale, marketing or distribution of the Infringing Products or any similar product would infringe Plaintiff's rights in the NEW WAVE® and WAVE trademarks.

**Seventh Claim for Relief**
**DECLARATORY JUDGMENT OF NON-REGISTRABILITY –**
**15 U.S.C. § 1119 & 28 U.S.C. §§ 2201-2202**
**(As to Defendant Ocean Spray)**

123.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

124.   Ocean Spray's use and attempted registration of the infringing "OCEAN SPRAY WAVE" mark to sell the Infringing Products infringes Plaintiff's rights in the NEW WAVE® and WAVE marks.

125.   Despite receiving notice that it is infringing Plaintiff's rights, Ocean Spray has refused to withdraw its application to register the "OCEAN SPRAY WAVE" mark with the USPTO under Application Serial No. 88850989.

126.   As such, there is a substantial, immediate and justiciable controversy between the parties in that Ocean Spray seeks to register the infringing "OCEAN

SPRAY WAVE" mark in connection with the Infringing Products, while Plaintiff contends that such use and registration infringes Plaintiff's rights in the NEW WAVE® and WAVE marks.

127.   Plaintiff will be damaged by Ocean Spray's infringing use and attempted registration of the subject mark.

128.   Plaintiff accordingly seeks a declaratory judgment and decree pursuant to 15 U.S.C. § 1119 that Ocean Spray has no right to register "OCEAN SPRAY WAVE" in connection with the Infringing Products or any similar product, as well as an order that Ocean Spray's Application Serial No. 88850989 be rejected.

**Eighth Claim for Relief**
**CANCELLATION OF REGISTRATION –**
**15 U.S.C. §§ 1119 & 1064**
**(As to Defendant Ocean Spray)**

129.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

130.   Ocean Spray abandoned the mark that is the subject of Registration No. 4641901 by ceasing use of the mark without intent to resume use.

131.   Despite such abandonment, Ocean Spray has refused to withdraw its attempted renewal of Registration No. 4641901 and has threatened to seek cancellation of the NEW WAVE® registration based on its supposed rights in the abandoned registration.

132.    Plaintiff will be damaged by Ocean Spray's infringing use and purported registration of the subject mark.

133.   Plaintiff accordingly seeks a declaratory judgment and decree pursuant to 15 U.S.C. §§ 1119 and 1064 cancelling Registration No. 4641901 based on abandonment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendants as follows:

A.   Preliminarily and permanently enjoin Ocean Spray from using the infringing "OCEAN SPRAY WAVE" mark in connection with the sale, marketing or distribution of the Infringing Products or any similar product.

B.   Award Plaintiff its amount of damages and/or the amount of Ocean Spray's profits arising from Ocean Spray's sales of the Infringing Products pursuant to 15 U.S.C. § 1117 and under other applicable federal and/or state law.

C.   Award Plaintiff three times its actual damages according to proof, as well as the costs of this action, in accordance with 15 U.S.C. § 1117 and under other applicable federal and/or state law.

D.   Find this action to be an "exceptional case" such that Plaintiff be awarded its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and under other applicable federal and/or state law.

E.   Declare that Ocean Spray's continued unauthorized use of the "OCEAN SPRAY WAVE" mark in connection with the sale, marketing or distribution of the Infringing Products or any similar product would infringe Plaintiff's rights in the mark.

F.   Order the Director of the Trademark Office to reject Ocean Spray's Application Serial No. 88850989 and to cancel any registration resulting therefrom.

G.   Order the Director of the Trademark Office to cancel Ocean Spray's Registration No. 4641901.

H.   Award Plaintiff such other and further relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all claims and causes of action triable before a jury.

Dated:  April 23, 2021

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP


By:  s/ Andrew Levine
             Andrew Levine

*Attorneys for Plaintiff*
*Wedge Water LLC dba Wave Soda*

COMPLAINT