| | |
|---|---|
| 1 | MARCI LERNER MILLER (CA Bar #162790) |
| 2 | JULIA ANNE MATHESON (CA Bar # 214163) |
|   | POTOMAC LAW GROUP, PLLC |
| 3 | 1303 Avocado Ave., Suite 230 |
| 4 | Newport Beach, CA 92660 |
|   | Telephone: (949) 706-9734 |
| 5 | Fax: (949) 266-8069 |
| 6 | mmiller@potomaclaw.com |
|   | jmatheson@potomaclaw.com |
| 7 | |
| 8 | JANET F. SATTERTHWAITE (VA Bar # 26759, DC Bar # 414043) |
|   | POTOMAC LAW GROUP, PLLC |
| 9 | (pro hac vice motion pending) |
| 10 | 1300 Pennsylvania Ave N.W., Suite 700 |
|   | Washington D.C. 20004 |
| 11 | Telephone: (202) 486-1578 |
| 12 | jsatterthwaite@potomaclaw.com |
| 13 | JOHN R. SNYDER (Mass. Bar # 471480, Conn. Bar # 407348) |
| 14 | Admitted *pro hac vice* |
|   | POTOMAC LAW GROUP, PLLC |
| 15 | 101 Federal Street, Suite 1900 |
| 16 | Boston, MA 02110 |
|   | Telephone: (617) 285-1790 |
| 17 | jsnyder@potomaclaw.com |
| 18 | |
| 19 | Attorneys for Defendant |
|   | Ocean Spray Cranberries, Inc. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wedge Water LLC DBA Wave Soda, <br><br> Plaintiff, <br><br> v. <br><br> Ocean Spray Cranberries, Inc., and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: 3:21-cv-00809-GPC-BLM <br><br> **NOTICE OF RELATED CASE** |

- 1 -

**NOTICE OF RELATED CASE**

**TO THE CLERK OF THIS COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE,** that pursuant to Local Rule 40.1, the above-captioned case (*Wedge Water v. Ocean Spray*) is related to *Ocean Spray Cranberries, Inc., Plaintiff v. Wedge Water, LLC d/b/a Wave Soda, et al., Defendants*, 1:21-cv-10669, Massachusetts U.S. District Court (*Ocean Spray v. Wedge Water* or "Prior Suit").

Local Rule 40.1(g) states that "An action or proceeding is related to another action or proceeding where both of them:

1. Involve some of the same parties and are based on the same or similar claims,

2. Involve the same property, transaction, patent, trademark, or event, or

3. Involve substantially the same facts and the same questions of law."

This case is related to the Prior Suit for each of these reasons. These actions involve the same parties, and only the same parties (Ocean Spray and Wedge Water). In the Prior Suit, Ocean Spray seeks a declaratory judgment that it is not infringing any alleged trademark, trade dress, or other intellectual property rights claimed by Wedge Water. The subsequent lawsuit in this Court reads as a set of compulsory counterclaims under Fed R. Civ. P. 13 to Ocean Spray's Declaratory Judgment complaint in the Prior Suit. Allegations of infringement are compulsory counterclaims to a complaint for a declaratory judgment of noninfringement. [1]

---

[1] *See Oplink Commc'ns, Inc. v. Finisar Corp.*, No. C-11-2361 EMC, 2011 WL 3607121, at *2 (N.D. Cal. Aug. 16, 2011)( When the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived;) *Classic Liquor Importers, Ltd. v. Spirits Int'l B.V.*, 201 F. Supp. 3d 428, 440 (S.D.N.Y. 2016) (trademark infringement is compulsory counterclaim in the context of a declaratory action for non-infringement;) *Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, No. CIV.A. 07-2253-DJW, 2008 WL 917635, at *9 (D. Kan. Mar. 31, 2008) (courts have consistently applied the compulsory counterclaim

NOTICE OF RELATED CASE

As detailed in Ocean Spray's Motion to Stay in this action, considerations of judicial economy and the administration of justice weigh heavily in favor of relating cases like these that involve the same parties and legal issues. Furthermore, where cases involving virtually identical issues are pending in two different courts, federal courts generally follow the "first-to-file" rule, a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The rule is meant to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments," and "should not be disregarded lightly." *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (citations omitted).

Plaintiff Wedge Water LLC has not filed a Notice of Related Case pursuant to Local Rule 40.1, despite the fact that it was aware of the Prior Suit before filing the current one and despite its ongoing obligation to do so. However, Wedge Water concedes the cases are related, calling this action a "preemptive action" in its Complaint, Dkt.1,¶7. Counsel for Ocean Spray notified Wedge Water of its obligation pursuant to Local Rule 40.1 and reminded counsel of its own obligation before filing this Notice of Related Case.

Dated: May 10, 2021                  Respectfully submitted,

POTOMAC LAW GROUP

By: s/ Marci Lerner Miller
      Marci Lerner Miller

Attorneys for Defendant
Ocean Spray Cranberries, Inc.

---

doctrine to a claim seeking declaratory relief for trademark infringement and an opposing claim for damages for infringement of the same trademarks.)

**NOTICE OF RELATED CASE**