UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEDGE WATER LLC DBA WAVE SODA,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:  21-cv-0809-GPC(BLM)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY**<br><br>**[ECF No. 25]** |

Currently before the Court is Plaintiff's May 10, 2021 Motion for Expedited Discovery [ECF No. 15; see also ECF No. 25 ("Mot.")], Defendant's May 13, 2021 opposition to the motion [ECF No. 23 ("Oppo.")], and Defendant's May 19, 2021 supplemental opposition [ECF No. 27 ("Supp. Oppo.")].  For the reasons set forth below, the motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 23, 2021, Plaintiff Wedge Water LLC ("Plaintiff" or "Wedge Water") filed a complaint against Defendant Ocean Spray Cranberries, Inc. ("Defendant" or "Ocean Spray"), alleging various claims including trademark infringement, false designation of origin, and trade

dress infringment. ECF No. 1. Plaintiff is a "rapidly growing, start-up beverage company based in San Marcos, California[]" that "offer[s] consumers a healthier, tastier alternative to sugary drinks" by "combin[ing] sparkling water, fruit juice, and a small amount of caffeine" in a drink it calls "Wave Soda". Mot. at 8. Wave Soda was founded in 2016, and "has continuously used its federally-registered trademark NEW WAVE in International Class 32 (U.S. Reg. No. 5571632) and related common law trademark and other trade dress and intellectual property rights related to Wave Soda". Id. Defendant Ocean Spray is "a cooperative owned by over 700 cranberry farmers founded in 1930" and "is one of the world's foremost manufacturers and marketers of cranberries and of beverages and snacks which contain fruit or fruit juices." ECF No. 5, at 2. Defendant Ocean Spray "is the owner of federal Trademark Registration No. 4641901 for the mark OCEAN SPRAY WAVE for fruit juice and fruit juice drinks issued November 18, 2014". Id. at 3.

Prior to commencing litigation, Wedge Water sent a cease-and-desist letter to Ocean Spray on April 9, 2021 requesting "that Ocean Spray immediately modify Ocean Spray Wave's branding and trade dress to stop its infringement." ECF No. 5, at 38. On April 20, 2021, Ocean Spray's outside counsel responded to Wedge Water's April 9, 2021 letter advising Wedge Water that Ocean Spray would not accede to Wedge Water's demands. Id. at 44. Two days later, on April 22, 2021, Ocean Spray filed a complaint against Wedge Water in the District of Massachusetts seeking declaratory judgment. Id. at 48; see also Ocean Spray Cranberries, Inc. v. Wedge Water, LLC, 1:21-cv-10669 (Mass., April 22, 2021). The next day, Wedge Water filed the instant case in the Southern District of California. ECF No. 1. On May 3, 2021, Ocean Spray filed a motion in the Southern District of California to stay proceedings in this district in favor of the prior-filed suit in the District of Massachusetts. ECF No. 5. That same day, Wedge Water filed a motion in the District of Massachusetts to transfer the Massachusetts case to the Southern District of California. See Ocean Spray Cranberries, Inc., 21-cv-10669, ECF No. 5 (Mass., April 22, 2021). Neither court has ruled on the pending motions.

On May 10, 2021, Wedge Water filed an Ex Parte Motion for Expedited Discovery seeking "to take targeted pre-Rule 26(f) conference discovery limited to issues relevant to the

preliminary injunction motion [Plaintiff] intends to file". ECF No. 15; see also Mot. at 6. In support, Wedge Water states that Ocean Spray has "imminent plans to broaden its efforts to market and sell its infringing products, which will cause [Plaintiff] further irreparable harm". Mot. at 7. On May 13, 2021, Defendant opposed Plaintiff's motion, arguing first that judicial economy dictates that the resolution of this motion should be delayed until after the motion to stay is decided. Oppo. at 7-8; Supp. Oppo. at 2. Alternatively, Defendant argues that the facts of this dispute do not warrant expedited discovery. Mot. at 8-27; Supp. Oppo. at 2-3.

Initially, the Court denies Defendant's request to delay ruling on the instant motion until after the pending motion to stay is decided. Defendant's argument is premised on its position that the instant dispute should be resolved in the District of Massachusetts. Oppo. at 7-8. The request for expedited discovery is the same regardless of which district court handles the substantive dispute and any potential motion for injunctive relief. Accordingly, the Court finds that judicial economy does not justify Defendant's request and the Court will consider Plaintiff's motion on the merits.

## **LEGAL STANDARD**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." Synopsys, Inc. v. AzureEngine Technologies, Inc, 401 F.Supp.3d 1068, 1076 (S.D. Cal. 2019) (quoting Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F.Supp.2d 1086 (N.D. Cal. 2012) (internal quotation marks omitted); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276. Courts commonly consider the following factors in determining whether good cause justifies expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden

on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the requests was made." Apple Inc. v. Samsung Elec. Co., Ltd., 2011 Wl 1938154, at *1 (N.D. Cal. May 18, 2011) (quoting Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)); Light Salt Inv., LP v. Fisher, 2013 WL 3205918, at *1 (S.D. Cal. June 24, 2013) (same).

Many courts have found good cause to expedite discovery where the plaintiff seeks a preliminary injunction in cases involving claims of infringement or unfair competition. Semitool, Inc., 208 F.R.D. at 276; Interserve, Inc. v. Fusion Garage PTE, Ltd., Case No. 9-cv-5812, 2010 WL 143665 (N.D. Cal. Jan. 7, 2010). However, expedited discovery is not automatically granted merely because a party seeks a preliminary injunction; instead, a court must examine "the reasonableness of the request in light of all the surrounding circumstances." See Am. LegalNet, Inc., 673 F. Supp. 2d, at 1067. A court may deny a motion for expedited discovery where the moving party seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action." Id. at 1069 (internal quotation marks omitted); Palermo v. Underground Solutions, Inc., 2012 WL 2106228, at *3 (S.D. Cal. June 11, 2012) (denying request for expedited discovery because the discovery requests "are not narrowly tailored to obtain evidence relevant to Palermo's motion for preliminary injunction").

Expedited discovery also has been authorized to permit a party to determine whether to file a preliminary injunction when the moving party produces concrete evidence of a potential harm and establishes the need to preserve the status quo. Apple, Inc. v. Samsung Electronics Co., Ltd., Case No. 11-cv-01846, 2011 WL 1938154 (N.D. Cal. May 18, 2011) (granting expedited discovery without a motion for preliminary injunction or temporary restraining order because plaintiff sought to forestall irreparable harm associated with a loss of market share and consumer good will and because plaintiff produced media reports that defendant "overhauled" its alleged infringing product in response to the product plaintiff alleges was being infringed on); see also Interserve, 2010 WL 143665, *2 (granting expedited discovery without a pending motion for injunctive relief because plaintiff sought to determine if and when defendant planned to launch

a potentially infringing product and the potential harm was supported by concrete evidence and good cause was found to prevent a disturbance of the status quo). On the other hand, expedited discovery has been denied where the moving party failed to produce specific evidence of a harm that would alter the status quo. Extreme Reach, Inc. v. PriorityWorkforce, Inc., Case No. cv 17-6796 SJO(Ex), 2017 WL 10544621, at *3 (C.D. Cal, Oct. 18, 2017) (denying plaintiff's ex parte application for expedited discovery absent a motion for preliminary injunction or temporary restraining order, in part, because plaintiff "presented no specific evidence" that defendant "intend[s] to release a new product or perform any other act that would alter the existing status quo, simply that the harm they have suffered may continue.").

## DISCUSSION

The crux of the dispute in both districts is ownership and use of the mark WAVE in the parties' competing drinks. Plaintiff alleges that Defendant is willfully infringing on Plaintiff's registered NEW WAVE trademark and common-law WAVE mark and associated trade dress. ECF No. 1, at 2; Mot. at 6. Defendant contends that it has "used the word-mark WAVE to identify fruit-based beverages at least as early as 2013[]" and "is the owner of federal Trademark Registration No. 4641901 for the mark OCEAN SPRAY WAVE for fruit juice and fruit juice drinks issued November 18, 2014". ECF No. 5, at 2-3.

Plaintiff seeks permission to serve "five document requests, three interrogatories, and three Rule 30(b)(6) deposition topics concerning Ocean Spray's willful infringement and plans to launch the Infringing Products more broadly beyond Walmart and Sam's Club." Mot. at 19; ECF No. 25-2, Declaration of Andrew Levine ("Levine Decl."), Exhs. 8-10.[1] Plaintiff argues the discovery is "limited to issues relevant to the preliminary injunction motion [it] intends to file in order to maintain the status quo, e.g., (i) *when* and *what* Ocean Spray knew about Wave and Wave Soda prior to developing the Infringing Products; (ii) *when* Ocean Spray conceived of and began developing the Infringing Products; (iii) *when* Ocean Spray plans on launching the

---

[1] The discovery requests attached to Mr. Levine's declaration contain five document requests, five interrogatories, and five Rule 30(b)(6) topics. Levine Decl. at 63-64, 68-69, and 74; Mot. at 17, 7 fn. 1.

Infringing Products in outlets beyond Walmart and Sam's Club; and (iv) *when* Ocean Spray decided to discontinue its prior line of 'Ocean Spray WAVE' juice". Mot. at 6-7 (emphasis in original).

### 1. Whether a Preliminary Injunction is Pending

Plaintiff acknowledges that it has not filed a motion for preliminary injunction but argues that expedited discovery is necessary to determine if Defendant has "imminent plans to broaden its efforts to market and sell its infringing products, which will cause [Plaintiff] further irreparable harm". Mot. at 18-19. While courts have authorized expedited discovery to maintain the status quo, Plaintiff has not established that Defendant has such imminent plans. In its motion, Plaintiff asserted that it had "a reasonable basis to believe that Ocean Spray intends to launch the Infringing Products *even more broadly* in the *very near term*" and noted that, prior to filing the instant motion, Wedge Water asked Ocean Spray whether it had imminent plans to expand and Ocean Spray refused to answer. Id. at 6, 23; Levin Decl. at Exh. 1. In its opposition, Defendant stated it "does not plan to expand the launch of its Ocean Spray products into broader retail distribution for at least the next four months. No such expansion is imminent." ECF No. 23-2 at 2, Declaration of Kevin Penwell, Senior Vice President, USA Sales, of Ocean Spray Cranberries, Inc.

Mr. Penwell's declaration establishes that expansion is not imminent. On the other hand, Mr. Penwell's declaration provides Ocean Spray with the ability to expand into new markets beginning on September 11, 2021. Given the status of the pleadings in the two districts, the courts may not have resolved by that date where this dispute will be litigated and discovery may not yet be opened in either district. Accordingly, this factor weighs in favor of granting the motion.

### 2. The Breadth of the Discovery Requests

Although Plaintiff asserts that it "seeks limited expedited discovery that is narrowly tailored to the specific issues that will be addressed", Plaintiff's actual requests are quite broad and go to the merits of the dispute. For example, Plaintiff seeks "[a]ll documents since January 1, 2017 concerning or relating to Wave or Wave Soda Products", "[d]ocuments since January 1,

2017 sufficient to show when Ocean Spray first conceived of and began developing the Current Ocean Spray Wave Product", and a corporate designee to testify about five topics including "[w]hen Ocean Spray first became aware of Wave or Wave Soda Products, and when Ocean Spray first conceived of and began developing the New Ocean Spray Wave Product" and "Ocean Spray's decision to cease or discontinue selling the Former Ocean Spray Wave Product and when the cessation of sales occurred."  Levine Decl. at 63, 74.  Because Plaintiff's requests define Ocean Spray to include "where applicable, [Ocean Spray's] officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates", Defendant would be required to conduct an expansive document search and production in an expedited time frame. Id. at 60-62; see also Oppo. at 25.  Defendant also would be required to prepare an employee or employees to testify on broad topics that include information and decisions from several years ago.

Plaintiff's discovery requests are not narrowly tailored to obtain information relevant to Plaintiff's anticipated motion for preliminary injunction and the need to maintain the status quo.  Rather, Plaintiff's discovery requests seek to obtain substantial discovery related to the merits of this dispute prior to the Rule 26(f) conference, prior to Defendant answering the complaint, and without Defendant having the same ability to conduct discovery.  As such, this factor weighs against expedited discovery.  See Palermo, 2012 WL 2106228, at *3 (denying plaintiff's motion for expedited discovery in advance of its motion for preliminary injunction where plaintiff's request "appear[ed] to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference" and would impose an undue burden on defendant); Am. LegalNet, Inc., 673 F. Supp. 2d at 1068-71 (denying plaintiff's motion for expedited discovery because plaintiff did not limit requests to information to preserve the status quo); Extreme Reach, 2017 WL 10544621, *2-3 (denying expedited discovery requests absent a preliminary injunction motion where the requests were related to the merits of the dispute, rather than to determine whether there was a need to file a motion to maintain the status quo).

### 3. The Purpose for Requesting the Expedited Discovery

Plaintiff states that the expedited discovery is necessary to "determine whether it must move for a preliminary injunction to protect its rights and avoid further irreparable harm in light

of Ocean's Spray [sic] imminent expansion of its infringement campaign." Mot. at 6. As discussed above, there is no pending motion for preliminary injunction, the discovery is not narrowly-tailored to obtain information crucial to a motion for preliminary injunction and the need to maintain the status quo, and Defendant does not have imminent plans to broaden its market. Accordingly, the Court finds that this factor also weighs against expedited discovery. See Palermo, 2012 WL 2106228, at *3 (citing Better Packages, Inc. v. Zheng, 2006 WL 1373055 (D.N.J. 2006) (observing that granting the request for expedited discovery "would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing, which is not the purpose of expedited discovery.")).

### 4. The Burden on the Defendant to Comply with the Requests

As discussed above, Plaintiff is seeking substantial discovery and it is requesting the discovery on a very expedited basis. Mot. at 24 ("Plaintiff asks the Court to order Ocean Spray to respond to the written discovery requests within 10 days and to provide its 30(b)(6) witness for deposition within two weeks after its response."). Given the breadth of the discovery requests, the work that Defendant must perform to properly respond to the requests, and the requested time frame, the Court finds the discovery requests would impose an undue burden on Defendant. As such, this factor weighs against expedited discovery. See Apple, Inc., 2011 WL 1938154, *3 (finding Rule 30(b)(6) deposition on expedited timeline to be unduly burdensome given the need to prepare a witness to testify on behalf of the corporation); Extreme Reach, 2017 WL 10544621, *3 (finding discovery requests unduly burdensome because defendant would be required to "unilaterally carry out the bulk of the written discovery process over the course of a few short weeks" without having responded to the complaint and without plaintiff being required to provide any discovery).

### 5. How Far in Advance of the Typical Discovery Process the Request was Made

Plaintiff argues that "permitting limited, expedited discovery will not lead to the parties conducting excessive discovery at this stage and will substantially contribute to moving this case forward." Mot. at 25. Defendant argues that "[t]he timing of the discovery requests in relation to when discovery would ordinarily take place is a primary factor in determining whether to grant

expedited discovery." Oppo. at 27. Defendant explains that it has "not filed an Answer and no Rule 26(f) conference has been scheduled", and Plaintiff's "request for discovery is very far in advance of when discovery would typically commence." Id.

Defendant has not yet answered or otherwise responded to Plaintiff's complaint in this district. See Docket. Wedge Water also has not answered or otherwise responded to Ocean Spray's complaint in the District of Massachusetts. See Ocean Spray Cranberries, Inc. v. Wedge Water, LLC, 1:21-cv-10669 (Mass., April 22, 2021)  Motions to transfer venue and stay the proceedings remain pending in both districts. See Docket; see also Ocean Spray Cranberries, Inc. v. Wedge Water, LLC, 1:21-cv-10669 (Mass., April 22, 2021). And, Plaintiff has not filed a motion for preliminary injunction in either district. See Docket; see also Ocean Spray Cranberries, Inc. v. Wedge Water, LLC, 1:21-cv-10669 (Mass., April 22, 2021). Accordingly, the Court finds that Plaintiff's discovery requests are significantly in advance of the typical discovery process so this factor also weighs against expedited discovery, especially the broad discovery sought by Plaintiff.

## CONCLUSION

Plaintiff has not established good cause for the requested expedited discovery. The discovery requests are not narrowly tailored as they seek susbstantial discovery, including corporate testimony, that goes to the merits of the trademark dispute, rather than to the need for a motion for preliminary injunction. Moreover, the requested timeline, coupled with the expansive discovery requests and the time and effort required to respond to the requests, imposes an undue burden on Defendant. The Court therefore **DENIES** Plaintiff's motion for expedited discovery.

**IT IS SO ORDERED**.

Dated: 5/26/2021

Hon. Barbara L. Major
United States Magistrate Judge